THE KANSAS CITY SOUTHERN RAILWAY COMPANY, *Appellant*, v. J. C. TERMIER *et al., Appellees.*

No. 16,846.

SYLLABUS BY THE COURT.

DAMAGES—*Evidence—Amount of Award.* The mere fact that commissioners in laying out a right of way for a railroad had allowed a certain item of damages affords no evidence on the trial of an appeal from their award that such damages had in fact been sustained.

Appeal from Wyandotte district court.   Opinion filed June 10, 1911.   Modified and reversed.

*Cyrus Crane,* and *O. L. Miller,* for the appellant.

*John A. Hale, Henry E. Dean,* and *Richard J. Higgins,* for the appellees.

The opinion of the court was delivered by

BENSON, J.:   On the trial of an appeal from an award of damages in taking land for a right of way the jury assessed damages for the value of the land

actually taken at a certain sum, and damages to the remainder of the tract at $300. The railway company complains only of the last-named item, basing its complaint upon a statement in the abstract "that there was no evidence . . . which tended to show the damages to the land not taken." In a counter abstract the appellees give the testimony of witnesses upon which they rely to support the finding. The witnesses were two of the commissioners who made the original award, who explained such award, giving the items thereof, showing that they had allowed damages to land not taken. This, however, appeared from the record of the proceedings. Such appeals are tried the same as appeals taken from judgments of justices of the peace. (Laws 1870, ch. 74, § 1, Gen. Stat. 1909, § 1805.) It will not be claimed that on the trial of an appeal from the judgment of a justice of the peace the judgment appealed from is competent evidence of the plaintiff's claim. The witnesses were not asked to give their opinions of the extent of the damages, but only testified to the fact that they had allowed damages. This proved nothing, and the appellant's motion to reduce the judgment by striking out the item complained of ought to have been allowed.

The order overruling the motion is reversed and the cause is remanded with directions to allow the motion and to reduce the judgment accordingly.